ROS.27086

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RITA VANEGAS,** | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-00192-O |
| | § | |
| **ROSS DRESS FOR LESS, INC.,** | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

**RITA VENEGAS** ("Plaintiff") and **ROSS DRESS FOR LESS, INC.** ("Defendant") (collectively the "Parties"), by and through their attorneys and having conferred, submit this Joint Report pursuant to this Court's April 6, 2023 Order (Doc 5).

On April 13, 2023, James Trujillo, counsel for Plaintiff, and Clarissa Perez, counsel for Defendant, met in good faith to discuss the contents of this Joint Report and the contents contemplated in FED. R. CIV. P. 26(F).

**(1)    A brief statement of the claims and defenses.**

This lawsuit arises from a slip-and-fall incident that occurred at a Ross Stores, Inc. retail store located in Hurst, Texas on May 21, 2021. Plaintiff allegedly slipped on a clear bag, resulting in her falling to the floor. She allegedly sustained injuries.

Plaintiff seeks recovery under premises liability. Plaintiff also alleges that Defendant failed to maintain a safe environment by not properly organizing the products set in the area in question and by not keeping the clear bag properly placed while customers were present; failed to have appropriate safety procedures for their employees and agents on managing and organizing potentially dangerous products; failed to use due and reasonable care to avoid creating the dangerous environments; and failed to properly train and supervise its employees.

Defendant denies Plaintiff's allegations of negligence against Defendant. Further, and in the alternative, Defendant contends that the condition of which Plaintiff complains was open and obvious or was a condition of which Plaintiff had actual or constructive knowledge. Because Plaintiff was aware or should have been aware of the alleged dangerous condition, the condition did not pose an unreasonable risk and Defendant owed no duty to Plaintiff to warn of the alleged condition or make such condition safe. Further, and also in the alternative, Defendant denies that it had any actual or constructive knowledge of an unreasonably dangerous condition in the area where Plaintiff allegedly fell. Without any knowledge of an unreasonably dangerous condition, Defendant would not know to warn customers or others of such condition. Finally, Defendant expects to contend that Plaintiff's own negligence contributed or proximately caused the injuries and damages alleged by Plaintiff. Thus, Defendant contends that Plaintiff is not entitled to the damages that she seeks in her Complaint.

Defendant also denies Plaintiff's allegations that she sustained injuries, all or in part, as a result of this incident. As such, Defendant contends Plaintiff's medical treatment was unnecessary and unreasonable. Finally, Defendant contends that Plaintiff's medical expenses were not reasonable or customary for the North Texas area.

**(2)    A proposed time limit to file motions for leave to join other parties**

The parties do not believe other parties will be joined. The parties propose June 16, 2023 as a deadline for adding parties.

**(3)    A proposed time limit to amend the pleadings.**

The parties propose November 6, 2023 as the deadline for amendment of pleadings.

**(4)    Proposed time limits to file various types of motions, including dispositive motions.**

The parties propose November 3, 2023 as the deadline for dispositive motions. The parties propose all other pre-trial motions to be filed no later than December 22, 2023.

**(5)    A proposed time limit for designation of experts.**

The parties propose that the Plaintiff should designate expert witnesses in writing and provide the report required by Rule 26(a)(2) by <u>September 8, 2023.</u>

**(6)    A proposed time limits for responsive designation of experts.**

The parties propose that the Defendant should designate expert witnesses in writing and provide the report required by Rule 26(a)(2) by <u>October 6, 2023.</u>

**(7)    A proposed time limit for objections to experts.**

The parties propose that any objections to experts should be filed by <u>December 22, 2023.</u>

**(8)    A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

**(a) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed;**

(i)  Completion of Discovery: <u>December 4, 2023.</u>

(ii)  The Parties shall exchange their <u>Initial Disclosures</u> before <u>April 25, 2023.</u>

(iii)  Each party shall be permitted to propound Interrogatories to the opposing party, not to exceed 40.

(iv)  Each party shall be permitted to propound Requests for Production to the opposing party, not to exceed 40.

(v) The parties anticipate conducting the oral depositions of Plaintiff, one or more representatives of Defendant, any witnesses discovered during discovery, potentially Plaintiff's medical providers, and any designated experts. The parties anticipate the issuance of multiple depositions upon written questions for the purposes of obtaining medical records and testimony from billing records custodians about amounts paid or

incurred for medical expenses within the meaning of TEX. CIV. PRAC. & REM. CODE SEC. 41.0105.

**(b) a statement of the subjects on which discovery may be needed;**

Discovery is needed with regard both to liability and damages.

**(c) a time limit to complete factual discovery and expert discovery;**

Discovery should be completed by <u>December 22, 2023.</u>

The Plaintiff should designate expert witnesses in writing and provide the report required by Rule 26(a)(2) by <u>September 8, 2023.</u>

The Defendant should designate expert witnesses in writing and provide the report required by Rule 26(a)(2) by <u>October 6, 2023.</u>

Any objections to experts should be filed by <u>December 4, 2023.</u>

**(d) a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The parties are going to enter into a confidentiality agreement and protective order to specifically address any issues regarding privileged materials.

**(9)   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None.

**(10)  Proposed means for disclosure or discovery of electronically stored information and a statement of any disputes regarding the disclosure or discovery of ESI.**

The parties do not anticipate any issues related to discovery of electronically stored information.

**(11)  Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order.**

None.

**(12)** **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);**

The Parties request a trial date of February 5, 2024; estimated length of trial is three days; a jury has been demanded.

**(13)** **A proposed date for further settlement negotiations.**

The parties anticipate further settlement negotiations will occur after significant discovery has been exchanged.

**(14)** **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties shall exchange their Initial Disclosures before <u>April 25, 2023.</u>

**(15)** **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent, please submit the attached consent form).**

The parties do not consent to trial before the Magistrate Judge.

**(16)** **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The parties will agree to mediation and have already had preliminary discussions about agreeing on Adam LeCrone as a mediator. The parties believe that mediation may be most effective after the close of discovery.

**(17)** **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

None at this time.

**(18)** **Whether a conference with the Court is desired.**

There are no matters that require a conference with the Court at this time.

**(19)** **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

Dated April 21, 2023.

                                  Respectfully submitted,

                                  **TRUJILLO GONZALEZ, PC**

                                  */s/ Rachel Verich (w/permission)*
                                  **RACHEL VERICH**
                                  ATTORNEY IN CHARGE
                                  State Bar No. 24123190
                                  **JAMES TRUJILLO**
                                  State Bar No. 24056453
                                  1111 W. Mockingbird Lane, Ste. 260
                                  Dallas, Texas 75247
                                  972-550-6818 phone
                                  469-983-5600 fax
                                  rachel@tgtriallaw.com
                                  james@tgtriallaw.com

                                  **ATTORNEYS FOR PLAINTIFF**

**FLETCHER, FARLEY**
**SHIPMAN & SALINAS, LLP**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
**ATTORNEY IN CHARGE**
State Bar No. 24025946
**CLARISSA PEREZ**
State Bar No. 24125684
9201 N. Central Expwy., Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
clarissa.perez@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT**